Law Office of G. Anthony Long
P. O. Box 504970, Beach Road
San Jose, Saipan, MP 96950
Tel. No. (670) 235-4802
Fax. No. (670) 235-4801

Attorney for Defendants Taga Air Charter Services, Inc., Hong Kong Entertainment
  (Overseas) Investments, Ltd., and Tinian Dynasty Hotel, Inc.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE
## NORTHERN MARIANA ISLANDS

| | |
|---|---|
| YOKO KAMIYAMA ) | CIVIL ACTION NO. 08-0030 |
| ) | |
| Plaintiff ) | |
| v. ) | |
| ) | |
| TAGA AIR CHARTER SERVICES, INC ) | |
| TINIAN DYNASTY HOTEL, INC, ) | **ANSWER OF DEFENDANTS TAGA, HONG** |
| HONG KONG ENTERTAINMENT ) | **ENTERTAINMENT AND TINIAN DYNASTY** |
| (OVERSEAS) INVESTMENTS ) | **HOTEL INC**. |
| LTD., and DOES 1 - 75 ) | |
| ) | |
| ) | |
| Defendants ) | |
| ) | |

Comes now defendants Taga Air Charter Services, Inc., ("Taga"), Tinian Dynasty Hotel, Inc., and Hong Kong Entertainment (Overseas) Investments, Ltd., (HKE")collectively referred to as ("defendants" or "defendants") who respond to the complaint as follows:

1. Defendants admit ¶¶ 1, 3, 4, 6, 7, 9, 11, 16, 31, 32, 46, 48, 49, 52, 53, and 95

2. Defendants deny ¶¶ 13, 14, 19, 20, 21, 22, 23, 24, 25, 26, 28, 30, 33, 37, 38, 40, 41, 42, 57, 59, 60, 61, 62, 63, 64, 67, 68, 69, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 83, 84, 85, 86, 87, 89, 90, 91, 92, 94, 96, 97, 98 and 99.

3. In response to ¶ 2 defendants admit only that this court possesses subject matter

jurisdiction. Defendants deny all other allegations contained in the paragraph.

4. In response to ¶ 5, defendants admit only that plaintiff demands a jury trial. Defendants deny all other allegations contained in the paragraph.

5. In response to ¶ 8, defendants admit only that defendant Hinkemeyer was employed by HKE. Defendants deny all other allegations contained in the paragraph.

6. In response to ¶ 10, defendants admit only that Taga possessed a license from the FAA and operated its service in conformity with its license.

7. In response to ¶ 12, defendants admit only that Tinian Dynasty Hotel, Inc., was a corporation formed and existing under Commonwealth law. Defendants deny all other allegations contained in the paragraph.

8. In response to ¶ 15 defendant Tinian Dynasty Hotel, Inc., did not need any authorization from the FAA and accordingly defendants deny ¶ 15.

9. In response to ¶ 17 defendants admit only the HKE is licensed to own and operate a hotel and casino facility. Defendants deny all other allegations contained in ¶ 17.

10. In response to ¶ 18, defendants admit only that HKE did not conduct air operations under FAR Part 135 and therefore did not need authorization for FAR Part 135. Defendants deny all other allegations contained in the paragraph not consistent with this response.

11. In response to ¶ 27, defendants admit only that On August 11, 2006, an airplane piloted by Hinkemeyer and in which plaintiff was a passenger crashed. Defendants deny all other allegations contained in the paragraph.

12. In response to ¶ 29, defendants admit that on August 11, 2006 the Airplane was flown under FAR Part 91. Defendants deny all other allegations contained in the paragraph.

13.  In response to ¶ 34, defendants deny the bulletin was "mandatory."

14.  In response to ¶ 35, defendants deny the bulletin was "mandatory."

15.  In response to ¶ 36, defendants deny the bulletin was "mandatory" and compliance was required.

16.  In response to ¶ 39, neither Taga, HKE nor Tinian Dynasty Hotel, Inc., had any obligation to insure the Airplane and accordingly they did specifically insure the Airplane. Also, since the Airplane was being operated as a FAR part 91 there was not any obligation to provide FAA with evidence of liability insurance for the Airplane.

17.  In response to ¶ 43, defendants lack information and knowledge regarding plaintiffs acquisition of ticket for her travel in Japan d and accordingly deny the paragraph.

18.  In response to ¶ 44, defendants admit only that plaintiff flew from Japan to Saipan International Airport. Defendants deny all other allegations contained in the paragraph.

19.  In response to ¶ 45, defendants admit only that on August 11, 2006, plaintiff boarded the Airplane at the domestic terminal located at the Saipan International. Defendants deny all other allegations contained in the paragraph.

20.  In response to ¶ 47, defendants deny Timmerman was employed by Tinian Dynast Hotel, Inc.

21.  In response to ¶ 50, defendants do not know the length of the runway and accordingly deny the paragraph.

22.  In response to ¶ 51, defendants do not know precisely where Hinkemeyer began the takeoff and accordingly deny the paragraph.

23.  In response to ¶ 54, defendants do not know that the area where the Airplane crashed

constitutes a "jungle" and therefore denies that the crash occurred in the jungle.

24. In response to ¶ 55, defendants do not know that the area where the Airplane crashed constitutes a "jungle" and therefore denies that the crash occurred in the jungle.

25. In response to ¶ 56 defendants admit only that plaintiff suffered injuries as a result of the crash. Defendants deny all other allegations contained in the paragraph.

26. In response to ¶ 58, defendants reallege, repeat and incorporate their responses to ¶ 1 - 57.

27. IN response to ¶ 64, defendants admit that the materials identified are designed to assist the owner and operator of the Airplane in safely operating the airplane and is not limited to one single purpose as plaintiff alleges. Defendants deny any allegation of the paragraph which is inconsistent with this response.

27. In response to ¶ 65, defendants admit only that plaintiff was a passenger on the Airplane. Defendants deny all other allegations contained in the paragraph relating to plaintiff being a member of any class.

28. In response to ¶ 66 defendants admit only that plaintiff suffered injuries as a result of the crash. Defendants deny all other allegations contained in the paragraph.

29. In response to ¶ 70 defendants reallege, repeat and incorporate their responses to ¶ 1 - 69.

30. In response to ¶ 82, defendants reallege, repeat and incorporate their responses to ¶ 1 - 81.

31. In response to ¶ 88, defendants reallege, repeat and incorporate their responses to ¶ 1 - 87.

32. In response to ¶ 93, defendants reallege, repeat and incorporate their responses to ¶ 1 - 92.

## AFFIRMATIVE DEFENSES

1. Defendants have an accord and satisfaction for all past medical expenses and bills incurred by plaintiff.

2. Plaintiff's injuries, in whole or in part, were caused by her own negligence.

3. The recovery for non economic damages is limited to $300,000.00.

**PRAYER FOR RELIEF**

WHEREFORE, defendants pray for relief as follows:

1. Plaintiff take nothing by her complaint;

2. Cost of suit including attorneys fees; and

3. Such other and further relief as the court deems just and proper.

Law Office of G. Anthony Long

By:_____/s/_____
G. Anthony Long